UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE YVONNE DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4-25-CV-746-ACL |
| HON. JUDGE MATTHEW HEARNE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Denise Yvonne Davis, proceeding without counsel, seeks leave to proceed in this action without prepaying fees or costs. (ECF No. 2). Having reviewed her motion, the Court finds that she cannot afford the filing fee in this matter. The Court will therefore grant the motion and waive the fee. Nevertheless, for the reasons explained below, the Court will dismiss this action for lack of jurisdiction, and alternatively, for failure to state a claim.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against 19 Defendants, ten of whom are John Does, related to a state court child custody case.[1] The named Defendants are: Judge Matthew Hearne, who presided over the custody case; Mark Haeffner and Scott Trout, former attorneys for Plaintiff; Celestine Dotson and Byron Cohen, attorneys for Plaintiff's child's father; James Fendelmann, an attorney representing the guardian ad litem; Mark Kiesewetter, the guardian ad litem; the Office of Chief Disciplinary Counsel; the Missouri Commission on

---

[1] Plaintiff filed a substantially similar case against at least three of the same Defendants in the Southern District of Illinois. *See* 25-cv-128-SMY. That case was dismissed based on a lack of subject matter jurisdiction.

Retirement, Removal, and Discipline; and ten John Does to include court reporters and others at the state court or agencies who were involved in the custody case.

Plaintiff alleges violations of her civil rights, breach of fiduciary duties, and legal malpractice. Plaintiff repeatedly cites to RICO, stating Defendants acted in concert to deprive her of due process, obstruct access to courts, and cause severe financial and emotional injury. (ECF No. 1, Ex. A). Plaintiff states that she has been "discriminated against, my rights stripped with no legal basis, the victim of sanctions rendered/entered in retaliation, my mail box and property is being trespassed upon. The OCDC and CRRD denied me the right to grieve and be protected. Attorneys breached fiduciary duty, opposing attorneys have threatened me and my monies for reasons illegal." (ECF No. 1 at 6). Plaintiff complains that Defendant Judge Hearnes' "actions and bias have made a unfair court/trial environment." (*Id*.).

## Discussion

Plaintiff's filings do not state any basis for federal court jurisdiction over this matter. Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This case falls within the domestic relations exception to federal jurisdiction. That doctrine bars federal courts from hearing cases relating to divorce, alimony, or child custody. *Kahn v. Kahn*,

2

21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890).

Here, although Plaintiff drafted her Complaint to allege federal civil rights violations, her claims are "inextricably intertwined" with state court determinations of custody rights concerning her minor child. *Id.* Packaging her concerns as civil rights violations does not change the fact that Plaintiff is asking this Court to order the state court judge to "vacate unlawful orders" pertaining to the child custody case. (ECF No. 1, Exhibit A). "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law," and federal "[c]ourts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Frawley v. Schutt*, 2021 WL 5415326 at *6 (E.D. Mo. Feb. 19, 2021)(quoting *Quinn v. Kibodeaux*, 2020 WL 6701457 at *1 (D. Idaho Nov. 13, 2020)). Because Plaintiffs' claims are "inextricably intertwined" with the underlying state family law action, the Court will abstain from exercising jurisdiction over her claims. *See Kahn*, 21 F.3d at 861.

Additionally, to the extent Plaintiff's claims could be construed as asking this Court to determine that certain state court decisions relating to custody rights were incorrect, this Court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and

rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that Plaintiff's claims here can only succeed if this Court decides that a state-court decision regarding her minor child was wrongly decided. As such, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction and failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 31st day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE